## . Commonwealth *v.* Cohen, Appellant. .

*Criminal law—Reputation—Evidence—Charge.*

On the trial of an indictment for crime the defendant proved a good general reputation for honesty in the neighborhood where he had resided for thirteen months prior to his arrest, by ten of his neighbors. On the question of reputation the court charged as follows: "Where one has, for a period of years, lived in a neighborhood and endeared himself to his neighbors, by leading an honest, righteous and upright life, that goes far toward assisting him at a time when his character may be called in question, and it is of great value, and should be considered by a jury as a substantive fact." *Held,* that the charge was misleading and erroneous inasmuch as the defendant was not required to show good reputation during a period of years, nor that he had endeared himself to his neighbors, nor that he had lived a righteous and upright life.

Argued March 10, 1908. Appeal, No. 7, March T., 1908, by defendant, from judgment of Q. S. Juniata Co., Feb. T., 1907, No. 2, on verdict of guilty in case of Commonwealth v. Hyman Cohen. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Indictment for receiving stolen goods. Before SHULL, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty, upon which judgment of sentence was passed.

*Error assigned* was (14) answer to defendant's third point, the point and answer being quoted in the opinion of the Superior Court.

*J. Howard Neely,* with him *John J. Patterson, Jr.,* for appellant.

*F. M. M. Pennell,* of *Atkinson & Pennell,* with him *Andrew Banks,* district attorney, for appellee.

. OPINION BY MORRISON, J., May 14, 1908:

The defendant was tried and convicted under an indictment

containing a single count for receiving stolen goods, knowing the same to have been stolen. The court having refused a new trial, and entered judgment on the verdict, the defendant appealed to this court. We find in the record fourteen assignments of error and the learned counsel for the defendant have argued strongly in support of these assignments. A careful consideration of the evidence, the charge of the court and the arguments, does not convince us of reversible error in any of the assignments, except the fourteenth.

The fourteenth assignment is based on the defendant's third point and the answer of the court thereto. Third point: "Evidence of the good character of the accused is to be regarded as evidence of a substantive fact and may be sufficient to raise a reasonable doubt.

" *Answer:* This we affirm: It is a fact that evidence of one's good character is admitted in a court of justice, and may turn the scale in favor of one who has been charged with a crime. Where one has, for a period of years, lived in a neighborhood and endeared himself to his neighbors, by leading an honest, righteous and upright life, that goes far toward assisting him at a time when his character may be called in question, and it is of great value, and should be considered by a jury as a substantive fact. On the other hand, although a substantial character is held to be a great assistance to a man at a time of this kind, yet one may lead to the world a proper life, and so far as his neighbors know, may be pure and upright, yet may be doing things that his neighbors know not of. We all know and common experience teaches us and observation shows us that there are men who have lived in communities and who have called their neighbors in to show that they have been honest and upright, and yet some high crime has been absolutely and positively fixed upon them, and where it is shown that their character has been pure and upright, and the crime is established by evidence that is convincing in the minds of the jury as to his guilt; then the matter of character of course must give way to that which is of a still more substantial nature."

We regard this answer as setting up a standard not required by law. The defendant proved a good general reputation for

honesty in the neighborhood where he had resided for thirteen months prior to his arrest, by ten of his neighbors. This was substantive evidence, and if it convinced the jury that the defendant had the general reputation of an honest man it might have raised, in the mind of the jury, a reasonable doubt which would have led to his acquittal. The most serious difficulty with the answer to the point is the following: "Where one has, for a period of years, lived in a neighborhood and endeared himself to his neighbors, by leading an honest, righteous and upright life, that goes far toward assisting him at a time when his character may be called into question, and it is of great value, and should be considered by a jury as a substantive fact." We think this may have misled the jury: (a) The jury may have understood the court that it required a period of years to establish a good character for honesty and the defendant only having been known by his witnesses for thirteen months, the conclusion may have been reached that his evidence of good character was insufficient. (b) The jury may have understood that the defendant was required to show that he had endeared himself to his neighbors, but this is not so. All that the law requires in such a case, is to satisfy the jury that he has a good reputation as an honest man. (c) The jury must have understood that the defendant must have lead a righteous and upright life. This is too high a standard. A man may establish a reputation for honesty and as a law abiding citizen and yet not be a righteous man. It is entirely possible, even probable, for a wicked man to be honest and not guilty of larceny or of receiving stolen goods, knowing the same to have been stolen, and such a man may enjoy a good general reputation for honesty.

We dismiss all of the assignments except the fourteenth, and sustain it and reverse the judgment with a venire facias de novo.